# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 13-81082-CIV-MARTINEZ/GOODMAN

JOHN BULLARD, et al.,

      Plaintiffs,

v.

MERCHANT BONDING CO., et al.,

      Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT, REQUIRING PLAINTIFFS TO RESPOND TO DEFENDANT'S MOTION TO DISMISS, STRIKING PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT, AND REQUIRING DEFENDANT TO RESPOND TO PLAINTIFF'S MOTION FOR SANCTIONS AND/OR CONTEMPT

This Cause is before the Court on Plaintiff Randal Ferguson's ("Ferguson") "Motion for Summary Judgment as a Matter of Law (Default)" ("Motion for Default") [ECF No. 36] and "Motion to Demand Judgment" ("Motion for Judgment") [ECF No. 39] against Defendant Nationstar Mortgage, LLC d/b/a Champion Mortgage Company ("Nationstar"). Nationstar filed an opposition with regard to the Motion for Default. [ECF No. 45]. Ferguson filed a Reply to Nationstar's opposition that also sought separate relief. [ECF No. 56]. The District Court has referred this case to me for all pretrial matters. [ECF No. 16].

Ferguson filed these motions pursuant to Federal Rules of Civil Procedure 54(c) [ECF No. 39] and 55(b)(2)[1] [ECF No. 36]. The Court shall take up both motions together as they are both seeking the same relief: default judgment against Nationstar. The Undersigned has reviewed both of Ferguson's motions [ECF Nos. 36; 39], Nationstar's opposition [ECF No. 45], and the pertinent portions of the record. For the following reasons, Ferguson's Motion for Default and Motion for Judgment are both **DENIED**.

Nationstar was served with the complaint and summons in this matter by U.S. Marshal on August 29, 2014.[2] [ECF No. 23]. Nationstar did not file a responsive pleading until its Motion to Dismiss, which was filed on October 23, 2014. [ECF No. 37]. Ferguson's Motion for Default was filed on October 20, 2014 [ECF No. 36] -- three days prior to Nationstar's Motion to Dismiss. The Undersigned accordingly ordered Nationstar to respond [ECF No. 38] to Ferguson's Motion for Default, which it did on

---

[1]    Ferguson's Motion for Default refers to the Rule as "55(a)(b)(2)," but as he "prays that this court will grant his Motion for Default Judgment[,]" it is clear that he intends to refer to Rule 55(b)(2), which governs the entering of a default judgment by the court.

[2]    The Court notes that on the Civil Docket Sheet available on the Court's CM/ECF system, for the entry concerning the Process Receipt and Return upon Nationstar [ECF No. 23], the Clerk's Office has incorrectly noted that service was perfected on 5/29/2014. In all his pleadings related to default judgment [ECF Nos. 36; 39], Ferguson alludes to the 5/29/2014 date as when service was executed and thus when the clock began ticking on Nationstar's 21 days to respond to the complaint pursuant to Federal Rule 12(a)(1)(A)(i). In fact, though, the Process Receipt and Return states that service was actually perfected on 8/29/2014. [ECF No. 23]. This date still places Nationstar's response to the complaint outside the 21 day time period, so therefore, entry of default and default judgment will still be addressed by the Court. Nonetheless, the Undersigned believes it is prudent to address the incorrect date that Ferguson repeatedly makes reference to in his motions.

October 28, 2014 [ECF No. 45]. Nationstar's counsel described the failure to respond as excusable neglect, in that counsel was unaware of Nationstar being served in this matter because of his own oversight in not recognizing that Nationstar had forwarded the service to him. [*Id.* at p. 2].

Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides that a defendant has 21 days from the date of service to respond to a complaint. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

In the present matter, the clerk never entered Nationstar's default pursuant to Federal Rule 55(a). Default judgment is a two-step process: first, entry of default by the clerk (Fed. R. Civ. P. 55(a)), and second, entry of judgment by default (Fed. R. Civ. P. 55(b)). *Alfa Corp.*, 560 F. Supp. 2d at 1173. The entry of default under Rule 55(a) is a prerequisite to applying for default judgment with the Court under Rule 55(b). *See Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1003 (N.D. Iowa 2003); *Antoine v. U.S. Bank Nat'l Ass'n et al.*, 547 F. Supp. 2d 30 (D.C. Cir. 2008); *Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 327 (E.D. Va. 2007). Ferguson has bypassed the first step and moved directly to petitioning the Court for

entry of default judgment. Thus, even if entry of default judgment were an appropriate remedy in this situation -- which the Court does not agree that it is -- the Undersigned cannot procedurally grant it because the clerk did not first enter default against Nationstar. For this reason alone, Ferguson's Motion for Default and Motion for Judgment should be denied.

Notwithstanding the procedural shortcomings, Ferguson's motions also fail on their merits. While it is absolutely true that Nationstar did not timely file its response pursuant to Rule 12(a)(1)(A)(i), the grant or denial of a motion for default judgment remains within the sound discretion of the court. *See Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956); *Georgia Power Project v. Georgia Power Co.*, 409 F. Supp. 332, 336-37 (N.D. Ga. 1975). In this case, Ferguson neither alleges nor shows any prejudice to his position as a result of Nationstar's untimely response to the complaint. In *First American Bank N.A. v. United Equity Corp.*, 89 F.R.D. 81, 86-87 (D. D.C. 1981), the court denied entry of default judgment despite the fact that the defendant's motion to dismiss was untimely by nearly a month because "the plaintiff ha[d] not alleged that it was substantially prejudiced by the delay in the filing." *See also Dow v. Jones*, 232 F. Supp. 2d 491 (D. Md. 2002).

As a practical matter, Nationstar has *already* filed a responsive pleading in the form of a motion to dismiss before a default has been entered, and in doing so has signaled its intention to defend the suit. When defendants file responsive pleadings

before entry of default, motions for default are typically rejected by courts. *See Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council of Amarillo, Tex. and Vicinity, AFL-CIO,* 726 F.2d 166, 168 (5th Cir. 1984) (district court denied motion for a default judgment solely on the ground that "defendant ha[d] subsequently filed an answer"); *Dow,* 232 F. Supp. 2d at 494-95 (district court refused to enter default where three days prior to application for default, defendant had filed a motion to dismiss).

In accordance with the "judicial preference for a decision on the merits," *First American Bank, N.A.,* 89 F.R.D. at 86-87, the Court, in its sound discretion to grant or deny default judgment, accepts Nationstar's explanation of the unintentional circumstances that led to its untimely response, notes that a responsive pleading has been filed prior to entry of default, and seeing no prejudice to Ferguson, **DENIES** the Motion for Default [ECF No. 36] and the Motion for Judgment [ECF No. 39].

As such, Ferguson and co-Plaintiffs John Bullard and Eddie Whitehead, are **ORDERED** to respond to Nationstar's Motion to Dismiss [ECF No. 37] by November 21, 2014. Plaintiffs' response shall be no more than five double-spaced pages, excluding signature block and certificate of service. **No reply is permitted absent further Order of the Court.**

On November 6, 2014, Ferguson filed a motion that was labeled by the Clerk of Court as "Motion for Judgment of Relief Sought in Complaint, Motion to Dismiss and Deny Defendant Nationstar Response with Prejudice for conspiracy to present false

misleading inaccurate information to mislead the magistrate of the issue of neglect performance of duty, Motion for Monetary Sanctions and/or, Motion for Contempt of Court by Defendant Nationstar and their attorney's John Jorgensen, and Adam Schwartz for conspiracy to conceal negligent performance of duty and presenting false, misleading inaccurate information to intentionally mislead the magistrate and concealing material evidence and information to the magistrate." [ECF No. 56]. Much of this filing addresses Nationstar's opposition [ECF No. 45] with regard to the Motion for Default, while partially seeking the same relief as the Motion for Default and Motion for Judgment (namely default judgment).

To the extent this filing serves as a reply to Nationstar's opposition, the Undersigned **STRIKES** the filing[3] and is not considering it on the Motion for Default and Motion for Judgment, because as the Court specifically stated when ordering Nationstar to respond to the Motion for Default, **"[n]o reply is permitted except by further court order."** [ECF No. 38].

As far as the Motion for Monetary Sanctions and/or Motion for Contempt of Court prayers for relief are concerned, though, the Court will consider the filing on these limited grounds only, and thus **ORDERS** Nationstar to respond to the allegations

---

[3]     Concerning the listed motions created by the Clerk of Court on the CM/ECF system, the Undersigned **STRIKES** the pleadings labeled as "Motion for Judgment of Relief Sought in Complaint," and "Motion to Dismiss and Deny Defendant Nationstar Response with Prejudice for conspiracy to present false misleading inaccurate information to mislead the magistrate of the issue of neglect performance of duty."

made in support of those prayers for relief by November 14, 2014. Nationstar's response shall be no more than five double-spaced pages, excluding signature block and certificate of service. **No reply is permitted absent further Order of the Court.**

**DONE and ORDERED** in Chambers, in Miami, Florida, November 6, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
Honorable Jose E. Martinez
All Counsel of Record

John Bullard, *pro se*
521 17th Street
West Palm Beach, FL 33407

Eddie Whitehead, *pro se*
521 17th Street
West Palm Beach, FL 33407

Randal A. Ferguson, *pro se*
PO Box 1450
Belle Glade, FL 33430